IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE No. _____

| | |
|---|---|
| M.W., by and through parents, J.W. and B.W.,<br><br>PLAINTIFFS,<br><br>v.<br><br>CHARLOTTE-MECKLENBURG BOARD OF EDUCATION,<br><br>DEFENDANT. | **COMPLAINT** |

## I. PRELIMINARY STATEMENT

1. This action is brought by M.W., by and through parents, J.W. and B.W., ("Plaintiffs") to require the Charlotte Mecklenburg Board of Education ("CMS" or "Defendant") to pay attorneys' fees and costs and reimburse costs, and expenses following their successful administrative hearing pursuant to the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1400 et seq. ("IDEA") and North Carolina law.

## II. PARTIES

2. Plaintiff M.W. and his parents J.W. and B.W., are residents of the Defendant's school district.

3. M.W. is a child with a disability as defined by the IDEA. His date of birth is February 17, 2012.

4. Defendant is a public school district located in Mecklenburg County, North Carolina. Defendant's administrative offices are located at 600 East 4th Street, 5th Floor Charlotte,

NC 28202.

### III. JURISDICTION AND VENUE

5.  This claim arises under the IDEA, 20 U.S.C. §§ 1400 *et seq.*, 34 C.F.R. Part 300, N.C. Gen. Stat. §§ 115C-109.6 *et seq.*, and Article 3 of Chapter 150B of the North Carolina General Statutes. This Court has subject matter jurisdiction over the federal law claims pursuant to 28 U.S.C. § 1331 and 20 U.S.C. §§ 1415(i)(3)(A).

6.  This court may exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. North Carolina's state special education law, N.C. Gen. Stat. § 115C-106 *et seq.*, must be consistent with the IDEA.

7.  Venue in this district is proper under 28 U.S.C. § 1391(b) because Plaintiffs reside in this judicial district, and Defendant is a public school district whose administrative offices are in this judicial district.

8.  Plaintiffs, through counsel, filed their original Petition for a Contested Case Hearing in the North Carolina Office of Administrative Hearings on April 1, 2022, after Defendant failed to find M.W. eligible under the IDEA and offer him an appropriate individualized education program (IEP).

9.  Prior to the commencement of the Due Process Hearing, the parties engaged in discovery and filed multiple pretrial motions.

10. The parties stipulated to over three hundred (300) exhibits.

11. The Due Process Hearing in the underlying matter required eight (8) days of hearing and involved the testimony of eighteen (18) witnesses. The record for this hearing consisted of more than one hundred (100) exhibits and more than one thousand five hundred (1,500) pages of testimony pertaining to the denial of educational programming for M.W. by

Respondent.

12. There are more than two-hundred and thirty (230) docket entries for the administrative hearing.

13. Following the hearing, the parties provided the ALJ with lengthy Proposed Decisions of one forty-three (143) and thirty-eight (38) pages. The Final Decision issued by the ALJ was one hundred thirty-two (132) pages.

14. On May 22, 2022, the ALJ ruled in favor of Plaintiffs on 7 (seven)[1] of the 8 (eight) issues presented for hearing, and deemed the Plaintiffs (Petitioners in the underlying hearing) the prevailing party.

15. Because Plaintiffs were the prevailing party in the administrative review, they are entitled to reasonable attorneys' fees and costs. *See* 20 U.S.C. § 1415(f)(1)(B)(iii)(II).

16. Ann M. Paradis, Esq., Co-Counsel for Plaintiffs, is the co-founder of Gahagan Paradis, PLLC, a law firm dedicated to representing children and families in special education disputes, and a highly experienced special education attorney. Prior to founding Gahagan Paradis, PLLC in January 2019, Ms. Paradis founded Ann Paradis Law, PLLC which was also dedicated to representing children and families in special education disputes. Ms. Paradis's hourly rate is $375.00, which is a reasonable hourly rate given her substantial and almost exclusive experience in this specialized field of legal practice.

17. Elizabeth Horton Esq., Co-Counsel for Plaintiffs, was an employee of the Gahagan Law Firm, PLLC, at the time of the due process hearing. Ms. Horton's hourly rate is $350.00, which is a reasonable hourly rate given her substantial experience in this specialized field of legal practice.

---

[1] Plaintiff's prevailed on the "May 4, 2022 IEP Issues" with the exception of M.W.'s need for physical therapy.

18. Gahagan Paradis, PLLC also employed the use of other firm attorneys throughout the course of the underlying litigation. The attorneys' hourly rates ranged from $ 250.00 to $300.00. These hourly rates and time spent by these attorneys were reasonable in light of the associate attorneys' experience in the area of special education law and the complexity and length of the underlying action.

19. Gahagan Paradis, PLLC also employed the use of a non-attorney legal support specialist, as needed, during the course of the underlying litigation. The hourly rate for the non-attorney support staff range from $50.00 to $100.00 depending on the experience and specialized training of non-attorney support staff. This hourly rate and time spent by the non-attorney support staff was reasonable in light of this professional's experience in the area of special education law and the complexity and length of the underlying administrative action.

20. Gahagan Paradis, PLLC litigated Plaintiffs' claims in the underlying administrative hearing and review for more than fourteen (14) months, reviewing thousands of pages of student records (including emails), advising Plaintiffs, negotiating in good faith with the district, preparing for and attending eight (8) days of hearing, and briefing a comprehensive written Proposed Decision.

### IV. CAUSES OF ACTION

*1. <u>Attorney's Fees Under the Individuals with Disabilities Education Act</u>*

21. Plaintiffs incorporate the preceding paragraphs as if set forth in full herein.

22. Plaintiffs are "prevailing parties" under the IDEA as defined in case law in this and every federal circuit and are therefore entitled to reasonable legal fees. 20 U.S.C. § 1415(i)(3).

23. Gahagan Paradis, PLLC incurred fees in the amount of two hundred and two thousand, two

hundred and thirty-one dollars and eighty-one cents ($202,231.81) in connection with the underlying administrative action. These fees were reasonable given the length and complexity of the underlying matter.

24. Gahagan Paradis, PLLC has also incurred, and is continuing to incur, additional fees in connection with the filing and litigation of the instant action for legal fees. These fees are reasonable given the length and complexity of the underlying matter.

25. Gahagan Paradis, PLLC incurred $108.46 in hard costs (including, inter alia, copying costs, postage, exhibit binders) in connection with the underlying OAH action. This amount was reasonable given the length and complexity of the underlying matter.

26. Plaintiffs submit the attached affidavits from Ann M. Paradis, Keith Howard, Kelli Espaillat, and Tammy Kom regarding Ann Paradis's experience and the reasonableness of her hourly rate. (Attachments 1, 2, 3, and 4).

## V. RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that:

27. This Court take jurisdiction of this matter, and order Defendant to pay $202,231.81 to Gahagan Paradis, PLLC, reflecting the legal fees and costs necessary to represent Plaintiffs successfully in the underlying matter;

28. This Court order Defendant to reimburse Gahagan Paradis, PLLC the filing fee for this Petition;

29. This Court order Defendant to pay fees for the time Gahagan Paradis, PLLC spent, and shall continue to spend, before this Court to recover fees ("fees on fees"), which are presently being incurred; and

30. This Court award any other relief that it deems just and proper.

Respectfully submitted, this the  18th  day of August, 2023.

/s/ Ann M. Paradis
Ann M. Paradis
N.C. State Bar No. 19704
3326 Durham Chapel Hill Blvd.,
Suite 210-C
Durham, NC 27707
Telephone: (919) 942-1430
Email: aparadis@ncgplaw.com